UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Trilogy Group F&B, LLC, | Case No. 2:23-cv-01686-CDS-EJY |
| Plaintiff | |
| v. | Order Granting Plaintiff's Motion to Remand to State Court and Closing Case |
| Robert Entler, et al., | [ECF Nos. 7, 8, 14, 21] |
| Defendants | |

This contract dispute was removed to federal court by defendant Bighorn Capital Mexico, Inc., a Delaware corporation, based on diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446. Removal Pet., ECF No. 1. Plaintiff Trilogy Group F&B, LLC (Trilogy) moves to remand this action back to state court, arguing that there is not complete diversity amongst the parties—Trilogy and defendant Robert Entler are both citizens of Nevada. ECF No. 14. Bighorn filed a notice of non-opposition to the motion to remand. ECF No. 20. As there is no valid basis for removal or for diversity jurisdiction, this matter must be remanded to state court.

I. Legal standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th Cir. 2017).

However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. 28 U.S.C. § 1441. The general removal statute permits "the defendant or the defendants" in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). "To remove under [§ 1441(a)], a party must meet the requirements for removal detailed in other provisions." *Id.* When federal jurisdiction is based solely on diversity jurisdiction, the case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2). *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746; *see also Lively v. Wild Oaks Markets., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (describing the "forum defendant rule"). A defendant "always has the burden of establishing that removal is proper" and must overcome a "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted). Federal courts construe the removal statute against removal. *Id.*; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

## II.  Discussion

In its petition for removal, Bighorn asserted "upon information and belief, [that Entler] is a citizen of Oregon." ECF No. 1 at 5. It further asserted, based on this belief, that no defendant is a citizen of Nevada and thus diversity of the parties is satisfied. *Id.* As a threshold matter, petitions alleging citizenship "upon information and belief" are insufficient to establish diversity. *5AIF Juniper 2, LLC v. White*, 2023 WL 2634404, at *3 (D. Nev. Mar. 23, 2023) (quoting *K. Durant Enterprises, LLC v. Swanson Travel Profs., Inc.*, 2014 545843, at *2 (C.D. Cal. Feb. 10, 2014)) (citation omitted); *see also Clear Blue Ins. Co. v. B & G Realty, LLC*, 2022 WL 18228181, at *2 (C.D. Cal. Oct. 20, 2022) ("Jurisdictional allegations based on information and belief are insufficient to confer jurisdiction."). Moreover, as plaintiff's motion to remand points out, it appears that Entler

is actually a citizen of *Nevada*, not Oregon, vitiating complete diversity between the parties. ECF No. 14 at 6. Following its "review of the facts and arguments contained in [plaintiff's] motion," Bighorn filed a statement of non-opposition to the motion to remand and informed the court that it does not oppose remand of this case to state court. ECF No. 20. For those reasons, I grant plaintiff's motion to remand.

III.   Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to remand **[ECF No. 14] is GRANTED**.

IT IS FURTHER ORDERED that defendant's motion to set aside **[ECF No. 7]**; motion for leave to file **[ECF No. 8]**; and motion to extend time to file **[ECF No. 21] are DENIED** as moot.

The Clerk of Court is kindly directed to **REMAND** this case to the Eighth Judicial District Court for the State of Nevada, Case No. A-23-877657-B, Department 13, and to close this case.

DATED: December 6, 2023

_____
Cristina D. Silva
United States District Judge